# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3332

_____

David Taft, Jr.; Paul Huston; Daniel J. Roe; Stuart Schuman; Ryan Peterson; Donald E. Phillips; Christopher Pruden; Arthur Triplett; Eddie C. Risdal; Michael Millsap; Frank N. Hobmeier

*Plaintiffs - Appellants*

v.

Governor Terry Branstad

*Defendant*

Director Jerry Foxhoven, DHS Director; Deputy Super Brad Wittrock, CCUSO Director of Operations; Acting Superintendent

*Defendants - Appellees*

Dr. Tracy Thomas, Psychological Examiner

*Defendant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: November 15, 2018
Filed: March 1, 2019
[Unpublished]

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Appellants, a group of male patients at the Civil Commitment Unit for Sexual Offenders (CCUSO), appeal the adverse grant of summary judgment on their claims against officials of the state of Iowa. Each have served prison terms imposed for sexual offenses, but in a separate civil trial, each have been found likely to commit further sexual offenses, and thus were, and still are, civilly committed at the CCUSO. The crux of their complaint is that only males have been adjudicated, pursuant to Iowa Code Chapter 229A (setting forth the procedures for civil commitment of sexually violent offenders), as still dangerous and thus civilly committed; that there is no facility for housing such female offenders if they had been so adjudicated; and therefore appellants are being discriminated on the basis of gender, in violation of the Fourteenth Amendment's Equal Protection Clause, as enforced through 42 U.S.C. § 1983.[1]

The district court[2] granted summary judgment, finding, as relevant to this appeal, that there was no selective prosecution; that there was no defendant personally responsible for a constitutional violation; and that even though the appellants challenge the statute as applied to them, there is no evidence they have been personally damaged by the alleged gender discrimination. In doing so, the court heavily relied upon an unappealed order from a similarly styled claim rejected by

_____

[1]There were other claims in the initial complaint, but these claims have apparently been abandoned on appeal. The only issue before us is the propriety of the district court's grant of summary judgment on the equal protection gender claim.

[2]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Judge Donald O'Brien in the Northern District of Iowa in 2011. See Blaise v. Branstad, No. C11-4011-DEO, slip op. at 5-6 (N.D. Iowa August 26, 2011) (initial review order). In the 2011 order, Judge O'Brien considered the gender discrimination argument and first found that the law was neutral on its face, but further, that this neutral law nonetheless did not have a disparate impact on male sex offenders. Instead, the law's "primary purposes are to protect the public and treat sexually violent predators." Id. at 5. The court found that these two purposes were entirely plausible and rationally related to a legitimate state interest, rather than seeking to hinder the male gender. Id. And, that "[i]f a woman were to be deemed a sexually violent predator, the clear terms of the Act would apply to her." Id. See Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 274-75 (1979) (holding that an Equal Protection claimant must prove the intention of the law was to discriminate against a suspect class and can only prevail if there is not a plausible neutral explanation for the law).

Although Judge O'Brien's 2011 order is not the law of the instant case, it is persuasive, well-reasoned, and nothing about the Iowa act or the arguments of the detainees challenging it–even the purported "as applied" arguments–has changed in the last eight years. As noted, the district court's well-reasoned order relied upon Judge O'Brien's order in denying relief on the gender claim and we follow suit.[3] Accordingly, we affirm. See 8th Cir. Rule 47B.

--------------------------------

[3]Further, we note that to the extent the complaint might be construed as an attempt to obtain discharge from CCUSO because the appellants' commitments are invalid, this remedy would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (holding that while Heck would apply to civilly committed persons, the doctrine did not bar the action in that case because the plaintiffs were not alleging that their initial commitment was invalid or that any of the plaintiffs should be immediately released).